141 P.3d 422

**COMMITTEE FOR PRESERVATION OF ESTABLISHED NEIGHBORHOODS, a duly authorized campaign committee, Petitioner/Appellant,**

v.

**Donna RIFFEL, in her official capacity as Town Clerk for the Town of Wickenburg, Respondent/Appellee,**

**Wickenburg Country Club Estates, LLC, Intervenor/Appellee.**

No. 1 CA–CV 06–0443.

Court of Appeals of Arizona, Division 1, Department D.

Aug. 24, 2006.

Review Denied Nov. 28, 2006.

---

10. Marana (Pima County), Sahuarita (Pima County), Queen Creek (Pinal County and Marico-

pa County), and Buckeye (Maricopa County).

248

Gil Shaw, Attorney & Counselor at Law
By Gil Shaw, Prescott, Attorney for Petitioner/Appellant.

Curtis, Goodwin, Sullivan, Udall & Schwab
By Kelly Y. Schwab, Nancy A. Mangone, K. Russell Romney, Phoenix, Attorneys for Respondent/Appellee.

Gallagher & Kennedy PA By Jeffrey D. Gross, Phoenix, Attorneys for Intervenor/Appellee.

## OPINION

TIMMER, Judge.

¶ 1 The Committee for Preservation of Established Neighborhoods ("CPEN") appeals the superior court's grant of summary judgment in favor of Donna Riffel, the Town Clerk for the Town of Wickenburg, and Intervenor Wickenburg Country Club Estates, LLC, ("WCC"), on CPEN's special action complaint. CPEN argues that the court erred by ruling as a matter of law that CPEN's referendum petitions failed to comply with Arizona Revised Statutes ("A.R.S.") section 19–101(A) (2002). For the reasons that follow, we disagree with CPEN and therefore affirm.

## BACKGROUND

¶ 2 On April 20, 2006, CPEN filed with the Office of the Wickenburg Town Clerk signed referendum petitions challenging a Wickenburg town ordinance that rezoned approximately fifty-four acres of real property. On May 9, after the filing period had expired, Donna Riffel, in her capacity as town clerk, rejected the petitions. Riffel reasoned that the petitions did not comply with the referendum requirements set forth in A.R.S. § 19–101(A) because a description of the measure to be referred was stapled to the petitions rather than inserted into the petitions.

¶ 3 In May, CPEN filed a special action complaint in the superior court against Riffel in her official capacity. CPEN sought to compel Riffel to place the referendum on the election ballot and requested that the court order Riffel to appear and show cause why the referendum should not be placed on the ballot. Shortly thereafter, CPEN and Riffel filed a stipulation to permit WCC to intervene as a defendant, which the court allowed.

¶4 WCC and CPEN filed cross-motions for summary judgment. Riffel joined WCC's argument that CPEN's petitions were invalid because CPEN improperly attached the referendum description. The superior court agreed with WCC and Riffel. Specifically, the superior court ruled that the petitions were invalid because CPEN did not properly insert a description of the ordinance or include the title and number of the ordinance being referred on the petitions as required by A.R.S. § 19–101(A). The court therefore granted summary judgment in favor of WCC and Riffel. This timely appeal followed. We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1) (2003) and 19–122(C) (2002). *Perini Land & Dev. Co. v. Pima County*, 170 Ariz. 380, 382, 825 P.2d 1, 3 (1992) (instructing parties to file referenda appeals in the court of appeals).

## DISCUSSION

¶5 CPEN argues that the alleged petition defects should not prevent the referendum from going forward because the stapled referendum description and the information describing the ordinance meet the constitutional and statutory principles required for referendum petitions. WCC and Riffel counter that the petitions are invalid because referendum proponents are required to strictly comply with constitutional and statutory referendum provisions, and CPEN's failure to insert the descriptive language into the petitions meant that CPEN did not strictly comply with the requirements set forth in A.R.S. § 19–101(A).

¶6 The parties neither dispute the facts of this case nor disagree that the strict-compliance standard, which requires nearly perfect compliance with constitutional and statutory referendum requirements, is applicable in this case. *W. Devcor, Inc. v. City of Scottsdale*, 168 Ariz. 426, 428–29, 814 P.2d 767, 769–70 (1991) (citation omitted) (requiring strict compliance with the constitutional and statutory requirements because referendum power allows "minority to hold up the effective date of legislation which may well represent the wishes of the majority"). Therefore, our review is limited to matters of statutory construction decided by the superi-or court, which we consider de novo. *Open Primary Elections Now v. Bayless*, 193 Ariz. 43, 46, ¶ 9, 969 P.2d 649, 652 (1998).

¶7 At issue is whether CPEN strictly complied with the referendum requirements in A.R.S. § 19–101(A) when it stapled the referendum description to its petitions. Section 19–101(A) details the form a referendum petition must take and the information about the measure being referred that must be included with the petition. Subsection (A) provides in relevant part as follows:

> The following shall be the form for referring to the people by referendum petition a measure or item, section or part of a measure enacted by the legislature, or by the legislative body of an incorporated city, town or county:

Referendum Description

> (Insert a description of no more than one hundred words of the principal provisions of the measure sought to be referred.)

> Notice: This is only a description of the measure sought to be referred prepared by the sponsor of the measure. It may not include every provision contained in the measure. Before signing, make sure the title and text of the measure are attached. You have the right to read or examine the title and text before signing.

We must initially determine whether attachment of the referendum description to the petitions constitutes an insertion of the description as required by § 19–101(A).

¶8 "In interpreting statutes, we look to the plain language as the most reliable indicator of meaning." *Powers v. Carpenter*, 203 Ariz. 116, 118, ¶ 9, 51 P.3d 338, 340 (2002); *Calik v. Kongable*, 195 Ariz. 496, 498, ¶ 10, 990 P.2d 1055, 1057 (1999). We will give effect to each sentence and word so that provisions are not rendered meaningless. *Bilke v. State*, 206 Ariz. 462, 464, ¶ 11, 80 P.3d 269, 271 (2003); *State v. Superior Court (Kerr–McGee Corp.)*, 113 Ariz. 248, 249, 550 P.2d 626, 627 (1976). Accordingly, we assume that when the legislature uses

different language within a statutory scheme, it does so with the intent of ascribing different meanings and consequences to that language. *Hughes v. Jorgenson,* 203 Ariz. 71, 73, ¶ 11, 50 P.3d 821, 823 (2002) ("assuming that the legislature has said what it means"). With these principles in mind, we consider the text of 19–101(A) and the parties' arguments.

¶ 9 We first examine the plain language of the statute and will ascribe plain meaning to its language unless the context suggests otherwise. *Byers–Watts v. Parker,* 199 Ariz. 466, 469, ¶ 10, 18 P.3d 1265, 1268 (App.2001). Subsection (A) requires petition circulators to "*Insert* a description . . . of the measure sought to be referred." A.R.S. § 19–101(A) (emphasis added). The plain meaning of "insert" includes "to put or thrust in" and "to put or introduce into the body of something." *Merriam–Webster's Collegiate Dictionary* 604 (10th ed.1993); *State v. Wise,* 137 Ariz. 468, 470 n. 3, 671 P.2d 909, 911 n. 3 (1983) (explaining courts may reference dictionaries to glean ordinary meaning of words). Applying these definitions, a plain reading of § 19–101(A) indicates that the description must be included within the body of the petition itself in order to comply with the statute.

¶ 10 Other language in § 19–101(A) supports a conclusion that the descriptive language must be directly inserted into the body of the petition rather than attached to it. *J.L.F. v. Ariz. Health Care Cost Containment Sys.,* 208 Ariz. 159, 162, ¶ 15, 91 P.3d 1002, 1005 (App.2004) (citations omitted) (acknowledging that if statutory language unclear "we consider the statute's context" among other things). Section 19–101(A) requires that a statement of "notice" appear on the petitions below the referendum description. The mandatory "notice" language informs signers that the inserted description "may not include every provision contained in the measure" to be referred and directs signers to "make sure the title and text of the measure are *attached.*" A.R.S. § 19–101(A) (emphasis added). The mandated location of the notice reflects the legislature's intention that the referendum description be inserted

into the petition with the full text of the referendum attached to the petition. Moreover, the legislature's directive that the full text of the referendum be "attached" further demonstrates that it intended the word "insert" to have its plain meaning—placement of the description into the text of the petition.

¶ 11 For all these reasons, we conclude that the superior court correctly ruled that A.R.S. § 19–101(A) requires placement of a referendum description directly into the text of petitions.

¶ 12 CPEN acknowledges that it did not type the referendum description on the face of its petitions. Nonetheless, it argues that absent allegations that it abused the referendum process or that the stapled description hindered electors' ability to comprehend the petition, the referendum can proceed and still satisfy the strict-compliance standard. CPEN contends that "[i]f citizens must exercise the right of referendum perfectly, it amounts to no right at all." Under the circumstances, we disagree.

¶ 13 The provisions of section 19–101(A) regarding insertion of the referendum description obviously serve to ensure that petition signers are informed about the document they are signing and the measure being referred. By requiring circulators to include a brief description of the referred measure in the petition itself, rather than by stapling it to the front, the legislature ensures that circulators cannot abuse the referendum process by later removing the stapled description and attaching a different description to the signatures. *See Direct Sellers Ass'n v. McBrayer,* 109 Ariz. 3, 6, 503 P.2d 951, 954 (1972) (recognizing legislature's authority to safeguard people's right to referendum by enacting legislation that supplements constitutional referendum provisions). Even without allegations of such fraudulent behavior in this case, the court cannot overlook the statutory requirements of § 19–101(A).

¶ 14 In summary, A.R.S. § 19–101(A) requires referendum proponents to insert a referendum description directly into the text

of circulating petitions. Because proponents must strictly adhere to this requirement, and CPEN failed to follow it, the superior court correctly ruled that CPEN's petitions were insufficient as a matter of law. We therefore affirm.[1]

CONCURRING: PATRICIA A. OROZCO, Presiding Judge and SHELDON H. WEISBERG, Judge.

---

1. Although the parties raise additional arguments concerning the propriety of the court's ruling, based on our resolution of this matter on the above-described grounds, we need not address these arguments.