IN THE

# ARIZONA COURT OF APPEALS
DIVISION TWO

---

TUCSON UNIFIED SCHOOL DISTRICT,
A POLITICAL SUBDIVISION OF THE STATE OF ARIZONA,
*Petitioner*,

*v.*

HON. TED B. BOREK, JUDGE OF THE SUPERIOR COURT
OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF PIMA,
*Respondent*,

RICHARD AND GWENYTH GALLAGHER, AND JANE DOE GALLAGHER,
A MINOR AND PROTECTED PERSON, BY AND THROUGH RICHARD AND
GWENYTH GALLAGHER, AS PARENTS AND LEGAL GUARDIANS
OF JANE DOE GALLAGHER; MICHAEL H. CORUM AND
MARY DOE CORUM, HUSBAND AND WIFE,
*Real Parties in Interest*.

No. 2 CA-SA 2013-0099
Filed March 11, 2014

---

Special Action Proceeding
Pima County Cause No. C20121176

**JURISDICTION ACCEPTED IN PART AND RELIEF GRANTED;
JURISDICTION DECLINED IN PART**

---

COUNSEL

Miniat & Wilson, L.P.C., Tucson
By Jerald R. Wilson
*Counsel for Petitioner*

Law Office of David E. Hill, P.L.C., Tucson
By David E. Hill
*Counsel for Real Parties in Interest Richard, Gwenyth, and Jane Doe Gallagher*

---

**OPINION**

---

Presiding Judge Kelly authored the opinion of the Court, in which Judge Espinosa and Judge Vásquez concurred.

---

K E L L Y, Presiding Judge:

**¶1** In this special action, petitioner Tucson Unified School District (TUSD) challenges the respondent judge's denial of its motion for summary judgment. In that motion, TUSD argued that A.R.S. § 12-820.05(B) rendered it immune from liability for the claims by the real parties in interest Richard and Gwenyth Gallagher and their daughter Jane Doe Gallagher (the Gallaghers), and that the Gallaghers' A.R.S. § 12-821.01 notice of claim was insufficient as to their claim of "negligent investigation."

**¶2** The Gallaghers sued TUSD and real parties in interest Michael Corum and his wife, alleging Corum, a TUSD employee, had "sexually abused and/or exploited" their developmentally challenged daughter in April 2011 at a TUSD school, including taking pornographic pictures of her. Relevant here, the Gallaghers claimed TUSD was vicariously liable for Corum's conduct and had been negligent in hiring and supervising Corum and in providing proper staffing for their daughter. Specific to the claim of negligent hiring, they asserted that, had TUSD properly investigated Corum's employment history before hiring him in 2005, it would have "learned that [one of his previous employers] did not recommend that [he] be employed in a position that involved disabled children and/or the facts and circumstances surrounding Mr. Corum's termination [from employment]." The Gallaghers further alleged TUSD had been negligent in failing to properly investigate the

incident involving their daughter and discipline Corum, which "interfered with [their] presentation and proof of this lawsuit and their recovery of money damages."

¶3            TUSD filed a motion for summary judgment asserting it was immune from liability for the Gallaghers' claims because Corum had committed a felony and it had no actual knowledge of Corum's purported propensity for such conduct. In support of that claim, TUSD relied on § 12-820.05(B), which provides in relevant part that "[a] public entity is not liable for losses that arise out of and are directly attributable to an act or omission determined by a court to be a criminal felony by a public employee unless the public entity knew of the public employee's propensity for that action."[1] TUSD further claimed that the Gallaghers' notice of claim was insufficient because it did not "allege a cause of action for negligent investigation" and, in any event "there exists no legal authority for such a cause of action." The respondent judge denied the motion, concluding that TUSD "should have known under the circumstances" of Corum's previous conduct, thus precluding the application of § 12-820.05(B).

¶4            On review, TUSD argues that the propensity exception in § 12-820.05(B) applies only when a public entity has actual knowledge, not constructive knowledge, of the employee's propensity and that there is no evidence to support a conclusion that it had actual or constructive knowledge of Corum's alleged propensity. TUSD also reasserts its argument that the Gallaghers' notice of claim was insufficient as to their claim of negligent investigation.

¶5            Although we normally disfavor accepting special action jurisdiction to review the denial of a motion for summary judgment, *Orme Sch. v. Reeves*, 166 Ariz. 301, 302, 802 P.2d 1000, 1001 (1990), questions concerning immunity are particularly appropriate for special action review, *City of Phoenix v. Yarnell*, 184 Ariz. 310, 315,

---

[1]The parties do not dispute that Corum's conduct constituted a felony; he pled guilty to "attempted secretly viewing or recording another person without their consent." *See* A.R.S. § 13-3019(A), (D).

909 P.2d 377, 382 (1995); *see also* Ariz. R. P. Spec. Actions 1(a), 3. We therefore accept jurisdiction to address the respondent judge's determination that § 12-820.05(B) provides no immunity if the public entity had constructive knowledge of its employee's propensity.

¶6 Because TUSD has an adequate remedy by appeal, however, we decline to accept jurisdiction of its argument that the respondent erred by concluding the Gallaghers' notice of claim was sufficient, particularly in light of the fact that, even if TUSD is correct, it would not terminate the litigation. *See* Ariz. R. P. Spec. Actions 1 ("[T]he special action shall not be available where there is an equally plain, speedy, and adequate remedy by appeal."); *Cardon v. Cotton Lane Holdings, Inc.*, 173 Ariz. 203, 210, 841 P.2d 198, 205 (1992) (accepting special action jurisdiction in part because relief would end litigation and "eliminate[] the necessity of any future appeals, and spare[] the parties and the judicial system unnecessary time and expense").

¶7 "Our primary purpose in interpreting a statute is to give effect to the legislature's intent." *Parker v. City of Tucson*, 233 Ariz. 422, ¶ 12, 314 P.3d 100, 106 (App. 2013). "Because the plain language of a statute is the best reflection of that intent, when a statute is clear and unambiguous we need look no further than the statute's terms to determine its meaning and do not employ other principles of statutory construction." *Id.* Moreover, "'we assume that when the legislature uses different language within a statutory scheme, it does so with the intent of ascribing different meanings and consequences to that language.'" *Id.*, *quoting Comm. for Pres. of Established Neighborhoods v. Riffel*, 213 Ariz. 247, ¶ 8, 141 P.3d 422, 424-25 (App. 2006).

¶8 The pertinent portion of § 12-820.05(B) states that immunity does not apply if "the public entity knew of the public employee's propensity for th[e] action" that caused the plaintiff's loss. We agree with TUSD that the legislature's use of the word "knew" unambiguously shows its intent to require actual knowledge rather than constructive knowledge for the propensity exception to apply.

4

**¶9**        We addressed a similar question in *Bridgestone/Firestone North America Tire, L.L.C. v. A.P.S. Rent-A-Car & Leasing, Inc.*, 207 Ariz. 502, 88 P.3d 572 (App. 2004).   We concluded the word "knowledge" in a statute related to product liability claims should be given "its common, understood meaning—that the seller actually knew of the product's defect."   *Id.* ¶ 59.  We noted "[t]he word 'knowledge' is commonly understood to mean '[a]n awareness or understanding of a fact or circumstance.'"  *Id.* ¶ 58, *quoting Black's Law Dictionary* 876 (7th ed. 1999) (second alteration in *Bridgestone*). We further pointed out that constructive knowledge "is essentially a legal fiction, referring to knowledge that 'one using reasonable care or diligence should have, and therefore that is attributed by law to a given person.'"  *Id.*, *quoting Black's Law Dictionary*, at 876.

**¶10**        Finally, we explained that, "when the legislature has chosen to employ a standard of actual or constructive knowledge, it has expressly so stated," citing numerous examples.   *Id.* ¶ 59. Indeed, as TUSD points out, our legislature utilized the phrase "knows or reasonably should know" in the same article as § 12-820.05 in A.R.S. § 12-821.01(B), which governs the determination of when a cause of action accrues.  *See Parker*, 233 Ariz. 422, ¶ 12, 314 P.3d at 106.   In light of the unambiguous meaning of the term "knew," we are compelled to conclude that § 12-820.05(B) means exactly what it says—that immunity applies unless the public entity actually knew of the "employee's propensity for that action."

**¶11**        The Gallaghers offer little to support a contrary conclusion.  They correctly point out that constructive knowledge is sufficient for many common-law causes of action.  But they do not explain why that is relevant to our interpretation of a plainly worded statute.  And they cite no authority that concludes the term "knew" or any similar term should be interpreted to include constructive knowledge.  Although we appreciate the Gallaghers' concern that § 12-820.05's actual knowledge requirement may represent a poor policy choice, particularly in light of the hiring obligations of a school district enumerated in A.R.S. § 15-512, that choice must be made by the legislature. *See Mitchell v. Gamble*, 207 Ariz. 364, ¶ 34, 86 P.3d 944, 954-55 (App. 2004).  We "are not at liberty to rewrite [a] statute under the guise of judicial

interpretation." *New Sun Bus. Park, LLC v. Yuma Cnty.*, 221 Ariz. 43, ¶ 16, 209 P.3d 179, 183 (App. 2009).

**¶12** The Gallaghers do not suggest that TUSD had actual knowledge of Corum's purported propensity, and nothing in the record would support that conclusion. Accordingly, the respondent judge erred to the extent his ruling was based on a determination that the propensity exception in § 12-820.05(B) applied to the Gallagher's claims.

**¶13** TUSD further claims that § 12-820.05(B) provides immunity for "all claims against [it], whether the claims stem from direct liability or vicarious liability." In support of its argument in its special action petition, TUSD relies primarily on unpublished decisions by federal trial courts. Citation to such decisions is prohibited by our rules except in circumstances not presented here. *See* Ariz. R. Civ. App. P. 28(c); *Hourani v. Benson Hosp.*, 211 Ariz. 427, ¶ 27, 122 P.3d 6, 14 (App. 2005); *see also Andrews v. Willrich*, 200 Ariz. 533, n.2, 29 P.3d 880, 884 (App. 2001) (applying Rule 28(c), Ariz. R. Civ. App. P., to special action proceeding). The sole reported case cited by TUSD—also a federal trial court decision—does not support its argument. The court in that case intimated that § 12-820.05(B) would apply to direct-liability claims by declining to separately address the plaintiff's claims of negligent training and supervision after determining the propensity exception in § 12-820.05(B) did not apply. *Doe v. Dickenson*, 615 F. Supp. 2d 1002, 1015, 1015 & n.8 (D. Ariz. 2009). But it did not meaningfully analyze the question. *Id.*

**¶14** And, despite the extensive argument presented to the respondent judge concerning this issue, TUSD did not provide in its special action petition any analysis of the statute's language or legislative history, nor did it attempt to draw any analogies to other, similar legislation. Accordingly, we conclude TUSD waived this argument on review, and we decline to address it further. *See Polanco v. Indus. Comm'n*, 214 Ariz. 489, n.2, 154 P.3d 391, 393 n.2 (App. 2007) (finding issue waived on appeal because party mentioned it in passing, cited no supporting legal authority, and failed to develop it).

**¶15**　　　　For the reasons stated, we accept jurisdiction in part and grant relief.  We vacate those portions of the respondent judge's order denying TUSD's motion for summary judgment that depend on his determination the propensity exception in § 12-820.05(B) applies to the Gallagher's claims.