IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

RICHARD AND GWENYTH GALLAGHER,
AND JANE DOE GALLAGHER, A MINOR AND PROTECTED PERSON,
BY AND THROUGH RICHARD AND GWENYTH GALLAGHER,
AS PARENTS AND LEGAL GUARDIANS OF JANE DOE GALLAGHER,
*Plaintiffs/Appellants*,

*v.*

TUCSON UNIFIED SCHOOL DISTRICT,
A POLITICAL SUBDIVISION OF THE STATE OF ARIZONA,
*Defendant/Appellee*.

No. 2 CA-CV 2014-0124
Filed May 12, 2015

Appeal from the Superior Court in Pima County
No. C20121176
The Honorable D. Douglas Metcalf, Judge

**AFFIRMED**

COUNSEL

Law Office of David E. Hill, P.L.C., Tucson
By David E. Hill
*Counsel for Plaintiffs/Appellants*

Miniat & Wilson, LPC, Tucson
By Jerald R. Wilson
*Counsel for Defendant/Appellee*

---

**OPINION**

---

Judge Vásquez authored the opinion of the court, in which Presiding Judge Kelly and Judge Howard concurred.

---

V Á S Q U E Z, Judge:

**¶1**        Richard and Gwenyth Gallagher and their daughter Jane Doe Gallagher appeal from the trial court's summary judgment dismissing their negligence claims against Tucson Unified School District (TUSD). They argue the court erred by concluding A.R.S. § 12-820.05 provided TUSD immunity "for its own negligence with respect to the hiring and supervision of [its employee,] Michael Corum." For the reasons that follow, we affirm.

**Factual and Procedural Background**

**¶2**        "In reviewing a grant of summary judgment, we view the evidence and reasonable inferences 'in the light most favorable to the party opposing the motion.'" *Cannon v. Hirsch Law Office, P.C.*, 222 Ariz. 171, ¶ 7, 213 P.3d 320, 323 (App. 2009), *quoting Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, ¶ 13, 38 P.3d 12, 20 (2002). In October 2005, Corum applied for a job with TUSD as an exceptional education teaching assistant. In his application, Corum listed his most recent employers, including Carondelet Health Network. Rosalina Armijo, a principal of a TUSD school, hired Corum. In a deposition, Armijo testified that she "remember[ed] contacting [Corum's] employers," but no documentation of those calls could be found. It was determined later that Carondelet had terminated Corum's employment after he "touched [a patient] inappropriately in the vaginal area and made remarks to her that she felt moist."

**¶3**        During his employment with TUSD, Corum transferred to Mary Meredith K-12 School, which serves "students that primarily have profound emotional disabilities." In March 2011, the Tucson Police Department (TPD) began investigating Corum after learning that his son had found child pornography on Corum's

computer. Shortly thereafter, Corum requested a leave of absence from Mary Meredith because of a "[s]erious illness." TPD then contacted the principal of Mary Meredith, Terri Polan, who helped officers identify the child depicted in an image on Corum's computer as Jane Doe Gallagher, a "non-verbal and almost non-communicative" TUSD special needs student.

¶4        When Corum returned for work at the end of his leave in August 2011, Polan sent him home and called TPD for an update on the criminal investigation. Corum was arrested that same day. Pursuant to a plea agreement, Corum ultimately was convicted of attempted secretly viewing or recording another person without consent.

¶5        In February 2012, the Gallaghers initiated this action against Corum, his wife, and TUSD. In their amended complaint, the Gallaghers alleged that TUSD was vicariously liable for Corum's acts and directly negligent in hiring and supervising him. TUSD filed a motion for summary judgment based on § 12-820.05(B), arguing the statute provided immunity to public entities for the felonious conduct of employees. The Gallaghers argued that § 12-820.05(B) does not apply when the entity knows of the employee's propensity for such conduct, and that TUSD had constructive knowledge of Corum's past. The trial court denied the motion, but on special action review, this court reversed, holding that the exception to § 12-820.05(B) immunity would apply only if TUSD had actual knowledge of Corum's propensity. *Tucson Unified Sch. Dist. v. Borek*, 234 Ariz. 364, ¶¶ 8-12, 322 P.3d 181, 184-85 (App. 2014).

¶6        Following the special action, TUSD renewed its motion for summary judgment, which the trial court granted. The court then entered a final judgment in favor of TUSD pursuant to Rule 54(b), Ariz. R. Civ. P.[1] This appeal followed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 12-2101(A)(1).

---

[1]The claims against Corum and his wife still were pending before the trial court at the time of this appeal.

## Immunity

**¶7**          The Gallaghers maintain § 12-820.05(B) does not "provide TUSD with absolute immunity for its own negligence with respect to the hiring and supervision of . . . Corum." Accordingly, they assert that the trial court erred by granting summary judgment in favor of TUSD on those claims.

**¶8**          Summary judgment is appropriate "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). Thus, a trial court should grant summary judgment "if the facts produced in support of the claim . . . have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990). We review de novo whether there is a genuine dispute as to a material fact and whether the trial court erred in applying the law. *Bothell v. Two Point Acres, Inc.*, 192 Ariz. 313, ¶ 8, 965 P.2d 47, 50 (App. 1998).

**¶9**          The issue presented here involves the interpretation of § 12-820.05(B), which provides, in pertinent part: "A public entity is not liable for losses that arise out of and are directly attributable to an act or omission determined by a court to be a criminal felony by a public employee unless the public entity knew of the public employee's propensity for that action." We review issues of statutory interpretation de novo. *Baker v. Univ. Physicians Healthcare*, 231 Ariz. 379, ¶ 30, 296 P.3d 42, 50 (2013). "Our primary goal in interpreting a statute is to give effect to the legislature's intent, and the language of a statute is the most reliable evidence of that intent." *MacKinney v. City of Tucson*, 231 Ariz. 584, ¶ 7, 299 P.3d 1282, 1285 (App. 2013). Accordingly, if the language is clear and unambiguous, we apply it as written. *Hourani v. Benson Hosp.*, 211 Ariz. 427, ¶ 7, 122 P.3d 6, 10 (App. 2005).

**¶10**          By its clear and unambiguous language, § 12-820.05(B) insulates a public entity from liability for loss caused by an employee's felony criminal acts. "'Loss' is commonly defined as the difference between what was had before and after a specified

event." *Town of Gilbert Prosecutor's Office v. Downie*, 218 Ariz. 466, ¶ 11, 189 P.3d 393, 396 (2008). Similarly, Webster's defines "loss" as "the harm or privation resulting from losing or being separated from something or someone." *Webster's Third New Int'l Dictionary* 1338 (1971). "Losses" can be those that arise from physical injury to persons and property, or they can be purely economic. *See Flagstaff Affordable Hous. Ltd. P'ship v. Design Alliance, Inc.*, 223 Ariz. 320, ¶¶ 1, 11-12, 223 P.3d 664, 665, 667 (2010).

**¶11**　　　Section 12-820.05(B) simply refers to "losses"— it does not include any language that would limit the types of loss covered by the statute. That term therefore encompasses TUSD's liability for the injuries from which the Gallaghers seek to recover, including "anxiety, reasonable expenses for medical intervention or other professional assistance, loss of consortium, loss of enjoyment of life and breach of privacy experienced and reasonably probable to experience in the future."

**¶12**　　　Moreover, § 12-820.05(B) does not include any language that would limit the public entity's immunity based on the type of action or inaction by the entity that contributed to the injury. There is no distinction between the losses the Gallaghers seek to recover through their vicarious and direct liability claims. Under either theory, the damages "arise out of and are directly attributable to" Corum's acts.[2] § 12-820.05(B); *see Kuehn v. Stanley*, 208 Ariz. 124, ¶ 21, 91 P.3d 346, 352 (App. 2004) ("For an employer to be held liable for the negligent hiring, retention, or supervision of an employee, a court must first find that the employee committed a tort."). And, in the absence of a distinct injury caused by an employer, the damages recoverable under either claim are the same. *See Torres v. Kennecott Copper Corp.*, 15 Ariz. App. 272, 273-74, 488 P.2d 477, 478-79 (1971); Restatement (Second) of Agency § 217B cmt. d (1958) ("If . . . judgment is rendered against both [employer and employee] for a single harm, the judgment should be for the same amount . . . .").

---

[2]The Gallaghers do not challenge the trial court's dismissal of their vicarious liability claims against TUSD.

¶13　　　The Gallaghers nevertheless rely on legislative history, policy arguments, comparisons with other statutes, and cases from other jurisdictions to support their interpretation of § 12-820.05(B). And, during oral argument, they explained that § 12-820.05(B) "is an example of a latent ambiguity," which is "found in the interplay" of these authorities. But when the language of a statute is plain and clear on its face, it is unnecessary to infer ambiguity and employ other methods of interpretation. *See Hobson v. Mid-Century Ins. Co.*, 199 Ariz. 525, ¶ 8, 19 P.3d 1241, 1245 (App. 2001). We therefore disagree with the Gallaghers' arguments and conclude § 12-820.05(B) applies to the Gallaghers' claims for negligent hiring and supervision. *See Baker*, 231 Ariz. 379, ¶ 30, 296 P.3d at 50.

### Knowledge of Propensity

¶14　　　The Gallaghers also argue "[m]aterial questions of fact exist" because "there is, at the very least, a jury question as to whether . . . Armijo even called [Carondelet] or, if she did, made a 'good faith' effort to secure the necessary information regarding . . . Corum's performance." Again, summary judgment is appropriate if the moving party has demonstrated that "no evidence existed to support an essential element of the claim." *Orme Sch.*, 166 Ariz. at 310, 802 P.2d at 1009. In other words, "the movant need not affirmatively establish the negative of the element." *Id.*

¶15　　　Section 12-820.05(B) provides an exception to a public entity's immunity when "the public entity knew of the public employee's propensity for that action." On special action review, this court rejected the Gallaghers' argument that constructive knowledge of the employee's propensity was sufficient for the exception to apply. *Tucson Unified Sch. Dist.*, 234 Ariz. 364, ¶ 10, 322 P.3d at 185. We held that "§ 12-820.05(B) means exactly what it says—that immunity applies unless the public entity actually knew of the 'employee's propensity for that action.'" *Id.* We also noted, "The Gallaghers do not suggest that TUSD had actual knowledge of Corum's purported propensity, and nothing in the record would support that conclusion." *Id.* ¶ 12.

¶16　　　The Gallaghers now essentially reurge their constructive knowledge argument. They again assert that

"constructive knowledge is sufficient for many common-law causes of action." *Id.* ¶ 11. However, they fail to "explain why that is relevant to our interpretation of a plainly worded statute." *Id.* Thus, we decline to address this argument further. *See Ctr. Bay Gardens, L.L.C. v. City of Tempe City Council*, 214 Ariz. 353, ¶ 17, 153 P.3d 374, 377-78 (App. 2007) ("law of the case" rule applies when "the facts and issues are substantially the same as those on which the first decision rested").

**¶17**         The Gallaghers also attempt to rally evidence to demonstrate that Armijo, the principal who hired Corum, did not contact Corum's previous employer in violation of A.R.S. § 15-512.[3]

---

[3]Section 15-512(F) requires TUSD to "make documented, good faith efforts to contact previous employers of a person to obtain information and recommendations that may be relevant to a person's fitness for employment." Based on § 15-512, the Gallaghers maintain TUSD essentially is being rewarded for failing to do something required by statute. However, that statute provides its own penalties for failing to meet its requirements. Subsection (K) provides:

> The superintendent of a school district or chief administrator of a charter school or the person's designee who is responsible for implementing the governing board's policy regarding background investigations required by subsection F of this section and who fails to carry out that responsibility is guilty of unprofessional conduct and shall be subject to disciplinary action by the state board.

And, notably, § 15-512 contains its own immunity provision. Subsection (J) provides:

> A school district that relies on information obtained pursuant to this section in making employment decisions is immune from civil liability for use of the information

In particular, they point to the lack of any documentation from Carondelet indicating it had received a call from Armijo. However, the record shows that Carondelet "does not maintain a record of reference requests from third-parties." *See Orme Sch.*, 166 Ariz. at 310, 802 P.2d at 1009. And, in any event, this assertion does not support the Gallaghers' position; if Armijo never contacted Carondelet, then she did not have actual knowledge of Corum's propensities. *See* § 12-820.05(B). We thus conclude the trial court did not err in granting TUSD's motion for summary judgment. *See Bothell*, 192 Ariz. 313, ¶ 8, 965 P.2d at 50.

## Disposition

**¶18** For the foregoing reasons, we affirm. TUSD requests its "attorney's fees and costs incurred in defending this matter." However, it has failed to cite any authority to support its request for fees. *See Ezell v. Quon*, 224 Ariz. 532, ¶¶ 29-31, 233 P.3d 645, 652 (App. 2010) ("[T]he request must state the claimed basis for the award."). Nonetheless, as the prevailing party on appeal, TUSD is entitled to its taxable costs upon compliance with Rule 21(b), Ariz. R. Civ. App. P.

---

unless the information obtained is false and the school district knows the information is false or acts with reckless disregard of the information's truth or falsity.