IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2004-0136 |
| Appellee, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| RICHARD EMANUEL RAY, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CR-200300116

Honorable Wallace R. Hoggatt, Judge

AFFIRMED IN PART; VACATED IN PART

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Aaron J. Moskowitz
Phoenix
Attorneys for Appellee

Mark A. Suagee, Cochise County Public Defender
  By Kelly A. K. Smith
Bisbee
Attorneys for Appellant

B R A M M E R, Judge.

¶1        In 2003, appellant Richard Emanuel Ray pled no contest to attempted sexual abuse of a person over the age of fifteen.  The trial court suspended the imposition of

sentence and placed Ray on three years' intensive probation. The state subsequently filed a petition to revoke Ray's probation, alleging that he had violated his probation in several regards. After a hearing, the trial court revoked Ray's probation and sentenced him to one year in prison. The trial court also ordered Ray to register as a sex offender. On appeal, Ray contends that the trial court lacked jurisdiction to revoke his probation or, alternatively, that the court violated his right to a timely imposition of sentence. Ray also challenges the court's order that he register as a sex offender. Although we affirm Ray's sentence and conviction, we vacate that part of the trial court's order requiring Ray to register as a sex offender.

¶2        After a revocation hearing in April 2004, the trial court found Ray had violated the conditions of probation thirteen times. The court revoked Ray's probation and imposed a one-year prison term, giving him credit for 146 days already served. Ray argues that the trial court lacked jurisdiction to revoke his probation because the attorney general was not given ten days' notice of the petition to revoke pursuant to A.R.S. § 13-121. This is a legal issue which we review de novo. *See State v. Rodriguez*, 205 Ariz. 392, 71 P.3d 919 (App. 2003) (we review de novo legal issues involving jurisdiction and statutory interpretation).

¶3        Ray contends that § 13-121 "dictates conditions under which a court *acquires* jurisdiction to pursue [probation revocation] proceedings." Section 13-121 requires that the attorney general be notified at least ten days prior to any "further proceedings" instituted in the trial court after a defendant's original trial and sentencing. Ray argues that the court's order of intensive probation was a sentence and, because the state failed to notify the attorney

2

general before the probation revocation hearing, the trial court lacked jurisdiction to consider the probation revocation petition. We conclude, however, that § 13-121 is inapplicable here because Ray's sentence had been suspended and, instead, he was ordered to serve a term of probation.

¶4 The trial court's imposition of intensive probation was not a sentence for purposes of § 13-121. *See* A.R.S. § 13-901 (court may suspend imposition or execution of sentence if person is eligible for probation). As the trial court correctly explained, "when a court places anyone on probation, the Court actually suspends imposition of sentence." It is well established that an order of probation suspends imposition of sentence. *State v. Contreras*, 180 Ariz. 450, 885 P.2d 138 (App. 1994); *see also State v. Sanchez,* 191 Ariz. 418, 419, 956 P.2d 1240, 1241 (App. 1978) ("Probation is a judicial order allowing a criminal defendant a period of time in which to perform certain conditions and thereby avoid imposition of a sentence.").

¶5 Moreover, § 13-901 is specifically applicable to probation and the revocation of probation. Thus, even assuming there is a conflict between § 13-121 and § 13-901, we endeavor to construe them in harmony. *See State v. George*, 206 Ariz. 436, ¶ 6, 79 P.3d 1050, 1054 (App. 2003). We construe general and specific statutes that cover the same subject matter so as to give effect to both, if possible. *State v. Campa*, 168 Ariz. 407, 410, 814 P.2d 748, 751 (1991). We apply the more specific statute when the two conflict. *State v. Thues*, 203 Ariz. 339, ¶ 9, 54 P.3d 368, 370 (App. 2002). Section 13-901(C) grants the trial court

3

authority to "revoke probation . . . at any time prior to the expiration or termination of the period of probation." Further, when a court suspends the imposition of a sentence, "it retains jurisdiction over that individual's punishment until the probationary term is completed or a prison sentence [is] subsequently imposed." *State v. Holguin*, 177 Ariz. 589, 591, 870 P.2d 407, 409 (App. 1993); *see also Contreras*. Section 13-901(C) grants the trial court jurisdiction over probation revocation proceedings and § 13-121 does not apply.

¶6          Alternatively, Ray contends that if probation is not a sentence, the court violated his speedy sentencing rights and that he should have been sentenced on November 20, 2003, when he was placed on probation.[1] Because Ray did not make this argument at the sentencing hearing when he moved to dismiss the proceedings, he has waived it. *See State v. Bolton*, 182 Ariz. 290, 896 P.2d 830 (1995) (appellate court will only consider matter not raised below if it constitutes fundamental error). Finally, Ray could only raise this claim by challenging the initial disposition. And because he pled guilty, his only means for obtaining review was by filing a petition pursuant to Rule 32, Ariz. R. Crim. P., 17 A.R.S. *See* A.R.S. § 13-4033 (noncapital, pleading defendant has no right to appeal); Ariz. R. Crim. P. 32.1 (any person pleading guilty or no contest shall have right to file post-conviction relief proceeding); *State v. Cazares*, 205 Ariz. 425, 72 P.3d 355 (App. 2003) (Rule 32 only option for defendant who pleads guilty because right to direct appeal waived).

----

[1]It appears there is a typographical error regarding when probation was ordered. The minute entry ordering probation is dated October 20, 2003 but date-stamped and filed November 20, 2003. In any event, it is not important to resolving this appeal.

4

**¶7** Finally, Ray challenges the court's order requiring him to register as a sex offender. At Ray's sentencing hearing, after the court revoked his probation, the state informed the court that Ray was required to register as a sex offender as a special condition to the plea agreement. The court then ordered Ray to register as a sex offender. The state concedes that this portion of the court's order must be vacated because Ray was not, in fact, required by A.R.S. § 13-3821(A)(3) or by the plea agreement to so register. The state is correct.

**¶8** Section 13-3821(A)(3) requires a person convicted of sexual abuse in violation of A.R.S. § 13-1404 to register only if the victim was under eighteen years of age. The victim in this case was an adult. Therefore, Ray was not required to register as a sex offender. Accordingly, we vacate that portion of the trial court's order requiring Ray to register as a sex offender, but otherwise affirm Ray's conviction and sentence.

_____

J. WILLIAM BRAMMER, JR., Judge

CONCURRING:


_____

JOSEPH W. HOWARD, Presiding Judge


_____

PETER J. ECKERSTROM, Judge