382 P.3d 795

**STATE of Arizona, Appellee,**

**v.**

**Donald William GULLEY, Appellant.**

**No. 1 CA–CR 15–0202**

Court of Appeals of Arizona,
Division 1.

FILED 10/4/2016

Arizona Attorney General's Office, Phoenix, By Terry M. Crist, III, Counsel for Appellee

Yavapai County Public Defender's Office, Prescott, By John David Napper, Grace M. Guisewite, Counsel for Appellant

Yavapai County Attorney's Office, Prescott, By Dennis M. McGrane, Bill R. Hughes, Counsel for Amicus Curiae Yavapai County Attorney

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco joined and Judge Peter B. Swann concurred in part and dissented in part.

## OPINION

THOMPSON, Judge:

¶ 1 Donald William Gulley (defendant) appeals from his convictions and sentences for two counts of disorderly conduct, class 6 felonies, and one count each of assault and threatening or intimidating, both class 1 misdemeanors. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Defendant lived with E.W. and her adult son, S.W. One evening, defendant returned home drunk. After breaking the household's cordless phone, he began hitting E.W. in the head with a curtain rod he had grabbed from her as she was preparing to hang curtains. Defendant chased E.W. into the kitchen where he continued to hit her with the rod. E.W. felt "trapped" in the kitchen until S.W. emerged from his bedroom and put defendant in a chokehold. Defendant lost consciousness. E.W. and S.W. fled to S.W.'s bedroom and locked the door. Defendant regained consciousness and began

pounding on the bedroom door. He threatened to kill E.W. and S.W.

¶ 3 After defendant "quieted down[,]" S.W. jumped out of his bedroom window and walked to his brother M.W.'s nearby house. S.W. described the incident to M.W., who then called police.

¶ 4 The state charged defendant with two counts of disorderly conduct per domestic violence (counts 1 and 2), class 1 misdemeanors. See Ariz. Rev. Stat. (A.R.S.) § 13–2904(A)(1), (B) (2010).[1] The state, however, alleged the offenses as class 6 felonies pursuant to A.R.S. § 13–707(B) (2010) because defendant had been convicted of misdemeanor disorderly conduct within the preceding two years. The state also charged defendant with one count of aggravated assault per domestic violence, a class 6 felony (count 3), and one count of threatening or intimidating per domestic violence, a class 1 misdemeanor (count 4). For sentence enhancement purposes, the state alleged five prior felony convictions.[2]

¶ 5 On counts 1 and 2, the jury found defendant guilty as charged. Regarding count 3, the jury found defendant guilty of the lesser-included offense of assault per domestic violence. The court found defendant guilty of count 4.

¶ 6 At sentencing, the court imposed concurrent presumptive terms of 3.75 years' imprisonment, with 209 days' credit for time served, for counts 1 and 2 as class 6 felonies upon finding defendant was a category three repetitive offender. See A.R.S. § 13–703(C), (J) (Supp. 2015). For the misdemeanor convictions, the court sentenced defendant to 180 days of incarceration in the county jail, with 180 days' credit for time served. Defendant timely appealed. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12–120.21(A)(1) (2016), and 13–4033(A)(1) (2010).

## DISCUSSION

¶ 7 Defendant raises a number of challenges to his convictions and sentences for

---

1. Absent material changes from the relevant date, we cite a statute's current version.

2. These prior convictions are in addition to the prior conviction for disorderly conduct that the state alleged in counts 1 and 2.

counts 1 and 2. On review, we view the trial evidence in the light most favorable to sustaining the jury's verdicts. *See State v. Nelson*, 214 Ariz. 196, 196, ¶ 2, 150 P.3d 769, 769 (App. 2007). We first address issues related to defendant's prior conviction for disorderly conduct.

## I. Prior Conviction for Disorderly Conduct

¶ 8 In this case, defendant was convicted of disorderly conduct under A.R.S. § 13–2904(A)(1), which provides: "A person commits disorderly conduct if, with intent to disturb the peace or quiet of a neighborhood, family or person, or with knowledge of doing so, such person ... [e]ngages in fighting, violent or seriously disruptive behavior...." Subsections (A)(2–6) of § 13–2904 describe other actions, which if carried out with the requisite state of mind, also constitute disorderly conduct.

¶ 9 Disorderly conduct under subsections (A)(1–5) is a class 1 misdemeanor.[3] A.R.S. § 13–2904(B). However, a conviction under one of those subsections can result in enhanced sentencing as a class 6 felony under the following circumstances:

A person who is at least eighteen years of age or who has been tried as an adult and who stands convicted of any misdemeanor or petty offense, other than a traffic offense, and *who has been convicted of one or more of the same misdemeanors* or petty offenses *within two years next preceding* the date of the present offense shall be *sentenced for the next higher class of offense* than that for which the person currently is convicted.

A.R.S. § 13–707(B) (emphasis added); *see State v. Draper*, 123 Ariz. 399, 400, 599 P.2d 852, 853 (App. 1979) ("A class 6 felony is the 'next higher class of offense' relative to a class 1 misdemeanor."). "If a person is convicted of a misdemeanor offense and the offense requires enhanced punishment because it is a second or subsequent offense, the court shall determine the existence of the previous conviction." A.R.S. § 13–707(C). Here, the parties stipulated at trial to admis-

sion of a certified copy of defendant's prior disorderly conduct conviction, which indicated he pleaded guilty to the offense and received one year of unsupervised probation.

¶ 10 Defendant contends he is entitled to a new trial because the jury, not the court as required by § 13–707(C), considered the evidence of his prior disorderly conduct conviction and returned guilty verdicts on counts 1 and 2 on that basis. Defendant did not make this argument in the trial court, and we decline to review for fundamental error as we find that defendant invited the error. *See State v. Logan*, 200 Ariz. 564, 565, ¶ 9, 30 P.3d 631, 632 (2001) ("If an error is invited, *we do not consider* whether the alleged error is fundamental, for doing so would run counter to the purposes of the invited error doctrine. Instead, as we repeatedly have held, we will not find reversible error when the party complaining of it invited the error.") (emphasis added).

¶ 11 In setting the jury instructions, defendant agreed with the trial court and the state that his prior disorderly conduct conviction is an element of the charges in counts 1 and 2, and that an instruction to the jury would sufficiently cure any prejudice resulting from the jury knowing about the prior conviction. Thus, defendant invited whatever error resulted from the jury's determination that he was previously convicted of disorderly conduct.

¶ 12 Defendant also argues that the jurors improperly believed he would be sentenced to probation in this case because the evidence revealed that he received probation for his prior disorderly conviction. *See State v. Koch*, 138 Ariz. 99, 105–06, 673 P.2d 297, 303–04 (1983) (discussing impropriety of informing jury that a defendant will be treated with leniency at sentencing). Defendant's prior sentence did not indicate what sentence would be imposed in this case. Even if the jury did believe defendant would be treated with leniency, nothing in the record implies that the jury reached its verdict on that basis. *See id.* at 106, 673 P.2d at 304. The absence of prejudice to defendant may addi-

---

**3.** Disorderly conduct under § 13–2904(A)(6) (recklessly handling, displaying or discharging a

deadly weapon or dangerous instrument) is a class 6 felony. A.R.S. § 13–2904(B).

tionally be inferred from the fact that the jury found him guilty of assault per domestic violence instead of aggravated assault per domestic violence on count 3. Furthermore, we presume the jury followed the trial court's instruction to not consider the possible punishment in reaching its verdicts. *See id.* Absent discernible prejudice, no reversible error occurred, and defendant is not entitled to a new trial.

¶ 13 Defendant further contends the evidence was insufficient to establish that he was previously convicted of disorderly conduct because, although the evidence established that he had been convicted under § 13–2904(A), there was no specific indication that his prior conviction was based on § 13–2904(A)(1). According to defendant, the state thus failed to prove he was previously convicted of the "same misdemeanor" as required by § 13–707(B) to expose him to sentencing as a class 6 felony offender. As a result, defendant argues that the jury's finding of the prior conviction for the same misdemeanor must be vacated.

¶ 14 Defendant's argument is essentially that disorderly conduct is not a unitary offense; but he points to no controlling authority for the proposition that the subsections of § 13–2904(A) each constitute a different criminal offense. Instead, defendant relies on *State v. Freeney*, 223 Ariz. 110, 113, 219 P.3d 1039, 1042 (2009), which held that the assault offenses set forth in different subsections of A.R.S. § 13–1203 (2010) are distinct crimes because "[w]hen the elements of one offense materially differ from those of another—even if the two are defined in subsections of the same statute—they are distinct and separate crimes." *Id.* at 113, ¶ 16, 219 P.3d at 1042. We reject this argument.

¶ 15 The disorderly conduct statute differs from the assault statute in that its subsections all address the same harm to the victim, namely, disturbance of the peace.[4] The subsections of the assault statute, on the other hand, address different types of harm: apprehension, physical injury, and provocation or insult. *Compare* A.R.S. § 13–2904(A)

*with* A.R.S. § 13–1203(A). Therefore, similar to theft, disorderly conduct is a unitary offense, and § 13–2904(A) merely sets forth the different ways the crime can be committed. *See* A.R.S. § 13–1802 (Supp. 2015); *State v. Paredes-Solano*, 223 Ariz. 284, 290, ¶¶ 14–15 & n.6, 222 P.3d 900, 906 & n.6 (App. 2009) (distinguishing unitary offense of theft from subsections of assault statute, which define different crimes); *State v. Dixon*, 127 Ariz. 554, 561, 622 P.2d 501, 508 (App. 1980) (concluding that A.R.S. § 13–1802 deals with a unitary offense of theft that can be committed in more than one way, not several separate and distinct offenses of theft); *see also State v. Coleman*, 147 Ariz. 578, 580, 711 P.2d 1251, 1253 (App. 1985) ("The essence of theft under our code is the obtaining of *unlawful control* over property of another with the intent to deprive.") (quoting Ariz. Crim. Code Comm'n, Ariz. Rev. Crim. Code at xv (1975)).

¶ 16 As defendant concedes, the jury had before it evidence showing he was convicted of disorderly conduct *within the two years preceding* the date that he committed the offenses constituting counts 1 and 2. Consequently, sufficient evidence supports the jury's finding under § 13–707(B) that defendant was convicted of the "same misdemeanor."

## II. M.W.'s Testimony

¶ 17 Over defendant's objection on hearsay grounds, the trial court allowed M.W. to testify about S.W.'s statements to him regarding the altercation between defendant, E.W., and S.W. The trial court found the statements admissible pursuant to the present sense impression and excited utterance exceptions to the general rule against admitting hearsay evidence. *See* Ariz. R. Evid. 802, 803(1), (2). Defendant challenges the court's ruling, arguing S.W.'s statements did not occur immediately after the assault, thereby affording him "more than enough time for reflection prior to speaking with [M.W.]." Defendant, however, has not shown error by the trial court concluding the state-

---

4. We recognize, of course, that the disorderly conduct statute "does not require that one actually disturb the peace of another...." *State v.*

*Miranda*, 200 Ariz. 67, 69, ¶ 5, 22 P.3d 506, 508 (2001); *see State v. Cutright*, 196 Ariz. 567, 572, ¶ 25, 2 P.3d 657, 663 (App. 1999).

ments were properly admissible as excited utterances.[5]

¶ 18 "A trial court's ruling on whether a particular statement was in fact an excited utterance will not be reversed absent a clear abuse of discretion." *State v. Adamson*, 136 Ariz. 250, 255, 665 P.2d 972, 977 (1983). An excited utterance is "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Ariz. R. Evid. 803(2). Thus, for hearsay to be admissible as an excited utterance, "(1) there must have been a startling event; (2) the statement must relate to the startling event; and (3) the statement must be made spontaneously, that is, soon enough after the event so as not to give the declarant time to fabricate." *State v. Beasley*, 205 Ariz. 334, 340, ¶ 29, 70 P.3d 463, 469 (App. 2003) (quoting *State v. Anaya*, 165 Ariz. 535, 538, 799 P.2d 876, 879 (App. 1990)). A statement's spontaneity is "determined from the totality of the circumstances[,]" including the length of time between the event and the statement, the declarant's physical and emotional condition, and the nature of the offense. *Id.* at 341, ¶ 30, 70 P.3d at 470. The passage of time is less important than the declarant's physical and emotional condition. *Id.* Indeed, even if the passage of time is long enough to permit reflective thought, a declarant's on-going emotional distress can sufficiently establish spontaneity. *Id.*

¶ 19 Here, defendant's unexpected assault on S.W.'s mother and defendant's life-threatening outbursts unquestionably startled S.W. According to the record, S.W. was "extremely tense," "pretty hyper," and "all kind of freaking out" when he described the incident to M.W. And as defendant concedes, the record establishes that only five to ten minutes elapsed between the events and S.W.'s conversation with M.W. Under these circumstances, the trial court did not abuse its discretion in finding S.W.'s statements to M.W. admissible under the excited utterance exception to the hearsay rule. *See id.* at ¶ 31 (concluding trial court did not abuse its discretion in finding statement made thirty minutes after startling event was an excited utterance).

## III. Sentencing

### A. Evidence of Prior Felony Convictions

¶ 20 At a pretrial hearing conducted pursuant to Arizona Rule of Evidence 609, and at trial, the state introduced evidence of defendant's prior felony convictions (Rule 609 priors). The evidence showed defendant entered into a plea agreement on February 24, 2010, in which he pleaded guilty to the following Rule 609 priors: (1) endangerment and a separate count for possession of marijuana, committed on July 8, 2001; (2) possession of drug paraphernalia, committed on July 6, 2004; and (3) failure to appear in the first degree, committed on July 20, 2004. Defendant's former probation officer testified that defendant successfully served probation on the Rule 609 priors. In the plea agreement, defendant also admitted he had two felony convictions from the 1980s for offenses committed in 1980 and 1984 (1980s priors).

¶ 21 Defendant argues the court lacked sufficient evidence to support its finding that he has two historical prior felony convictions for sentencing enhancement because the evidence of his 1980s priors was improper. He also contends the evidence of the Rule 609 priors is insufficient because those priors are class 5 and class 6 felonies, and they were all committed more than five years before he committed the offenses in this case. *See* A.R.S. § 13–105(22)(c) (2015). Finally, defendant requests a remand for an evidentiary hearing to determine whether the felony offenses that occurred on July 8, 2001 were committed on the "same occasion" for sentence enhancement purposes. *See* A.R.S. § 13–703(L) ("Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for the purposes of [sentence enhancement]."); *see also State v. Kelly*, 190 Ariz. 532, 535,

---

5. Notably, as opposed to a present sense impression, the excited utterance exception to the hearsay rule does not require a statement be made immediately after the event that the declarant describes. *See* Ariz. R. Evid. 803(1) (defining a present sense impression as "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it").

¶ 13, 950 P.2d 1153, 1156 (1997) (remanding to the trial court to determine whether two prior convictions were committed on the "same occasion" within the meaning of the predecessor statute to § 13–703(L)).

¶ 22 We reject these arguments and deny defendant's request for a remand. The 1980s priors, although by themselves not historical prior felony convictions that could be used to enhance defendant's sentence, properly served as predicates to find that his subsequent convictions (i.e. the Rule 609 priors), were—assuming the offenses that were committed on the same day in 2001 amount to one conviction for sentence enhancement purposes—his third, fourth and fifth felony convictions. *See* A.R.S. § 13–703(L). As such, the Rule 609 priors are historical prior felony convictions pursuant to A.R.S. § 13–105(22)(d) (defining "historical prior felony conviction" as "[a]ny felony conviction that is a third or more prior felony conviction"). Accordingly, the court properly enhanced defendant's sentence pursuant to A.R.S. § 13–703(C), (J), and a remand is unnecessary.

### B. A.R.S. § 13–707

¶ 23 Defendant next contends that, because § 13–707(B) requires *sentencing* of a person *"who stands convicted of any misdemeanor ...* for the next higher class of offense than that for which the person *currently is convicted,"* (emphasis added), the legislature intended that qualifying recidivist misdemeanor offenders be sentenced as class 6 felony offenders but the convictions nonetheless are class 1 misdemeanors. Thus, defendant argues that the court's statement of his convictions for counts 1 and 2 as class 6 felonies, and his subsequent sentencing as a category 3 repetitive felony offender, amounts to fundamental error. *See* A.R.S. § 13–703(C) (stating "a person shall be sentenced as a category three repetitive offender if the person ... stands convicted of a felony and has two or more historical prior felony convictions"). The state concedes error, and the parties agree that defendant's convictions on counts 1 and 2 should be class 1 misdemeanors. Consequently, the parties agree that this matter should be remanded

so that defendant can be resentenced as a first-time felony offender.

¶ 24 "However, we are not required to accept the state's [concession] of error." *State v. Sanchez,* 174 Ariz. 44, 45, 846 P.2d 857, 858 (App. 1993). As *amicus curiae,* the Yavapai County Attorney (county) contends defendant and the state incorrectly construe § 13–707(B). The county asserts that proper interpretation of the statute reveals the legislature's intent to subject repetitive class 1 misdemeanor offenders to prosecution and conviction for a class 6 felony offense *and* to be sentenced accordingly. We agree.

¶ 25 The primary goal in interpreting a statute is to determine and give effect to the language of the statute. *See State v. Tschilar,* 200 Ariz. 427, 434, ¶ 25, 27 P.3d 331, 338 (App. 2001). In construing the language, "[w]e employ a common sense approach, reading the statute in terms of its stated purpose and the system of related statutes of which it forms a part, while taking care to avoid absurd results." *State v. Barragan–Sierra,* 219 Ariz. 276, 282, ¶ 17, 196 P.3d 879, 885 (App. 2008).

¶ 26 In Arizona, felonies and misdemeanors "are classified ... for the purpose of sentence...." A.R.S. § 13–601(B) (2010). With respect to misdemeanor convictions:

> A sentence of imprisonment for a misdemeanor shall be for a definite term *to be served other than a place within custody of the* [Arizona Department of Corrections *(ADC)* ]. The court shall fix the term of imprisonment *within the following maximum limitations:* ... For a class 1 misdemeanor, *six months.*

A.R.S. § 13–707(A)(1) (emphasis added). On the other hand, for first-time class 6 felony convictions, unless probation is granted, the presumptive term of incarceration is one year, and the sentenced person "shall be committed to the custody of [ADC]." A.R.S. §§ 13–701(A) (2014), –702(D) (2009). Indeed, the legislature has defined "misdemeanor" as "an offense for which a sentence to a term of imprisonment other than to the custody of [ADC] is authorized by any law of this state[,]" and "felony" as "an offense for which a sentence to a term of imprisonment

in the custody of [ADC] is authorized by any law of this state." A.R.S. § 13–105(18), (25). Thus, determining a criminal offense's proper classification turns on the length of the term of possible incarceration *and* the facility at which such a sentence is to be served.

¶ 27 Interpreting § 13–707(B) in the manner proposed by defendant and the state would lead to an absurd result when sentencing recidivist misdemeanants. According to that construction of the statute, a recidivist misdemeanant whose current conviction is designated as a misdemeanor would be subject to a sentence of one-year imprisonment, which directly violates the six-month time limit set forth in § 13–707(A)(1).[6] Such a construction also contradicts the statutory definitions of "misdemeanor" and "felony." We thus conclude the legislature intended that one who stands convicted of a class 1 misdemeanor under § 13–707(B) is not only subject to class 6 felony sentencing, but his offense is a class 6 felony. *See* A.R.S. § 13–707(B).[7]

¶ 28 Our conclusion is consistent with our previous comments in *Draper. See Draper*, 123 Ariz. at 401, 599 P.2d at 854. There, the defendant, who had a prior conviction, pleaded guilty to shoplifting goods valued at less than one hundred dollars, a class 1 misdemeanor, and the plea agreement described the offense as a class 6 felony pursuant to the predecessor statute to § 13–707. *Id.* at 400–01, 599 P.2d at 853–54. Because the prior conviction occurred *over two years prior* to the offense at issue, we vacated the latter conviction, but in doing so, we referred to the defendant's shoplifting conviction and resulting sentencing "as a class 6 felony." *Id.* at 401, 599 P.2d at 854.

¶ 29 Because counts 1 and 2 were properly class 6 felonies, the trial court did not err in sentencing defendant as a category 3 repetitive offender.

---

6. Defendant also contends he should serve his sentence in the county jail, not in ADC. But, as noted herein, § 13–707(A)(1) specifically prohibits such placement for those incarcerated longer than six months.

7. Our dissenting colleague disagrees as to this point, relying on *State v. Caesar*, 1 CA–CR 15–0847, slip op. at *3, ¶ 5, 241 Ariz. 66, 2016 WL

**CONCLUSION**

¶ 30 For the foregoing reasons, defendant's convictions and sentences are affirmed.

SWANN, Judge, concurring in part and dissenting in part:

¶ 31 I concur with the majority's opinion in all respects except for the analysis and holding set forth in ¶¶ 23–29. For the reasons explained in this court's contemporaneous opinion in *State v. Caesar*, 1 CA–CR 15–0847, I would conclude that the convictions on counts 1 and 2 are properly classified as class 1 misdemeanors.

5787232 (Ariz. App. Oct. 4, 2016), which focuses on the language "stands convicted of [a] misdemeanor" in the statute. However, this reading ignores the modifier "currently." *See supra* ¶ 9. A person who "currently" stands convicted of a misdemeanor, upon being proven to have committed the same offense previously, *subsequently* stands before the court for sentencing for a felony.