383 P.3d 1140

**STATE of Arizona, Appellee,**

v.

**Marcus Dean CEASAR, Appellant.**

**No. 1 CA–CR 15–0847**

Court of Appeals of Arizona,
Division 1.

FILED 10/4/2016

Arizona Attorney General's Office, Phoenix, By Terry M. Crist, Counsel for Appellee

Law Office of Nicole Farnum, Phoenix, By Nicole T. Farnum, Counsel for Appellant

Judge Kent E. Cattani delivered the opinion of the Court, in which Presiding Judge Michael J. Brown and Judge Maurice Portley (retired) joined.

## OPINION

CATTANI, Judge:

¶1 We are asked to address the proper classification of and sentencing range for repetitive misdemeanor offenses under Arizona Revised Statutes ("A.R.S.") § 13–707(B).[1] We hold that, as applied to repeated class 1 misdemeanors, the statute dictates that the offense of conviction remains classified as a class 1 misdemeanor, but the sentence imposed is that of a class 6 felony. Accordingly, and for reasons that follow, we accept the State's concession that Marcus Dean Ceasar's disorderly conduct convictions should have been classified as misdemeanor offenses, and we remand for resentencing on those convictions. We affirm in all other respects.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Ceasar was charged with stalking, aggravated assault, and two counts of disorderly conduct with a prior disorderly conduct conviction within the preceding two years after a July 2015 altercation at a restaurant in Prescott. A jury found him guilty of the four substantive offenses, and after a bench trial to address the prior conviction allegation, the superior court found that he had previously been convicted of disorderly conduct, a class 1 misdemeanor, in November 2014.

¶3 The court also found that Ceasar had two Florida convictions for resisting an offi-

---

1. Absent material revisions after the relevant date, we cite a statute's current version.

cer with violence, and that the Florida offenses were historical prior felony convictions under Arizona law. The court thus sentenced Ceasar as a category three repetitive offender, imposing concurrent prison terms for all four offenses, the longest of which is 10 years. As to the disorderly conduct convictions, the court classified the offenses as class 6 felonies and imposed enhanced 3.75-year prison terms. Ceasar timely appealed, and we have jurisdiction under A.R.S. § 13-4033.

## DISCUSSION

### I. Disorderly Conduct Classification and Sentences.

¶ 4 Ceasar argues that the superior court erred by classifying his disorderly conduct convictions as class 6 felonies and sentencing him as a category three repetitive offender on those convictions. Because Ceasar did not object in the superior court, we review only for fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, 567–68, ¶¶ 19–20, 115 P.3d 601 (2005). The State concedes that the disorderly conduct convictions should have been classified as misdemeanors, that the misclassification resulted in fundamental error, and that the case should be remanded for resentencing. We agree.

¶ 5 Under A.R.S. § 13-707(B), an enhanced sentence may be imposed for misdemeanor convictions under certain circumstances:

> A person who is at least eighteen years of age or who has been tried as an adult and who *stands convicted of any misdemeanor* or petty offense, other than a traffic offense, and who has been convicted of one or more of the same misdemeanors or petty offenses within two years next preceding the date of the present offense *shall be sentenced for the next higher class of offense than that for which the person currently is convicted.*

(Emphasis added.) The plain language of the statute dictates that a second or subsequent conviction of the same class 1 misdemeanor remains classified as a class 1 misdemeanor—the individual still "stands convicted of [a] misdemeanor"—but exposes the defen-

dant to the sentencing range of a class 6 felony. Furthermore, A.R.S. § 13-707(C) provides that "[i]f a person is *convicted of a misdemeanor offense* and the offense requires *enhanced punishment* because it is a second or subsequent offense, the court shall determine the existence of the previous conviction." (Emphasis added.) This subsection thus further highlights the Legislature's characterization of the offense as a misdemeanor subject to enhanced punishment.

¶ 6 We note that our interpretation of § 13-707(B) is arguably inconsistent with A.R.S. § 13-105(18), which defines a "felony" as an offense for which imprisonment in the custody of the Arizona Department of Corrections ("ADC") is authorized by law, because § 13-707(B) authorizes an enhanced sentence for a second or subsequent class 1 misdemeanor that may include a prison sentence in ADC. *See* A.R.S. § 13-701(A). But § 13-105 itself recognizes that its general definitions—including the definition of a felony—apply "unless the context otherwise requires." *See also State v. Thues*, 203 Ariz. 339, 341, ¶ 9, 54 P.3d 368 (App. 2002). Here, the statutory text of § 13-707(B) requires otherwise because it authorizes a felony-range sentence for someone who "stands convicted of any misdemeanor." This language expressly controverts the notion that § 13-707(B)'s enhanced sentencing range also converts the classification of the offense into a felony. *See also State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 597, n.2, 667 P.2d 1304 (1983) ("In Arizona, the only crimes punishable by imprisonment for more than one year are felonies and class 1 second offense misdemeanors.").

¶ 7 We also acknowledge that A.R.S. § 13-707(A) sets a general rule that six months is the maximum term of imprisonment for a class 1 misdemeanor, and that the sentencing range authorized for a repetitive class 1 misdemeanor under § 13-707(B) could exceed the six-month maximum. *See* A.R.S. § 13-702(D) (setting the class 6 felony sentencing range from 0.33 years to 2 years). But by enacting § 13-707(B) with its mandate of enhanced punishment, the Legislature authorized—for repetitive class 1 misdemeanors—a departure from the otherwise-

applicable six-month maximum. To the extent the sentencing directives in (A) and (B) conflict, the specific statutory mandate for enhanced punishment controls over the generally applicable misdemeanor sentencing range. *See State v. Ray*, 209 Ariz. 429, 431, ¶ 5, 104 P.3d 160 (App. 2004) (noting that courts "construe general and specific statutes that cover the same subject matter so as to give effect to both, if possible," and "apply the more specific statute when the two conflict").

¶ 8 Moreover, the classification of any felony or misdemeanor offense in Title 13 is "expressly designated in the section or chapter defining it." A.R.S. § 13–602(A), (B). And here, A.R.S. § 13–2904(B) expressly designates disorderly conduct as a class 1 misdemeanor (unless it involves recklessly handling, displaying, or discharging a deadly weapon or dangerous instrument, which is not at issue in this case). To apply § 13–707—a statute in the criminal code's chapter on sentencing and imprisonment, A.R.S. tit. 13, ch. 7—to trump the classification expressly designated by the statute defining the substantive offense would be contrary to the specific mandate of § 13–602 and § 13–2904(B). *See also Ray*, 209 Ariz. at 431, ¶ 5, 104 P.3d 160.

¶ 9 And, when the Legislature has intended to reclassify other repetitive misdemeanors as felonies, it has specifically done so in the substantive statute. For instance, the shoplifting statute expressly provides that misdemeanor shoplifting is reclassified as a class 5 felony when the defendant shoplifts on three different occasions within a 90–day period. A.R.S. § 13–1805(H). And a misdemeanor domestic violence offense becomes a class 5 felony offense (aggravated domestic violence) if a defendant commits three separate domestic violence offenses in an 84–month period. A.R.S. §§ 13–3601(B), –3601.02(A), (F). The Legislature has not specified a comparable reclassification for misdemeanor disorderly conduct, and we will not rewrite the statute to do so. *See Comm. for Preservation of Established Neighbor-*

*hoods v. Riffel*, 213 Ariz. 247, 249–50, ¶ 8, 141 P.3d 422 (App. 2006) ("[W]e assume that when the legislature uses different language within a statutory scheme, it does so with the intent of ascribing different meanings and consequences to that language."); *see also Hughes v. Jorgenson*, 203 Ariz. 71, 73, ¶ 11, 50 P.3d 821 (2002) (noting assumption "that the legislature has said what it means").[2]

¶ 10 Accordingly, and as the State concedes, the superior court erred by classifying Ceasar's disorderly conduct convictions as felonies rather than as misdemeanors, and thus exposing him to the additionally-enhanced sentencing range of a category three repetitive offender. *See* A.R.S. § 13–703(C) (enhanced category three repetitive offender sentencing range applies to a person who "stands convicted of a felony" with two or more historical prior felony convictions). Because the superior court's finding that Ceasar's disorderly conduct convictions are felony offenses is inconsistent with the plain language of § 13–707(B), as well as with the overall context of the statutory scheme for enhanced sentencing for various offenses, we modify Ceasar's disorderly conduct convictions and designate them as class 1 misdemeanors. We remand those convictions for sentencing within the range for first-time class 6 felonies.

## II. Florida Felonies as Historical Prior Felony Convictions.

¶ 11 Ceasar further argues that the superior court erred by considering his Florida felonies as historical prior felony convictions and thus sentencing him as a category three repetitive offender on the stalking and aggravated assault convictions. Although Ceasar testified (and concedes) that he has two Florida felony *withheld adjudications*, he argues that they cannot be used as historical prior felony *convictions* because his plea of no contest with "adjudication withheld" means he was not "convicted" of the felonies. We review de novo whether an out-of-state felony supports an enhanced sentence, and we review de novo the interpretation of stat-

2. We respectfully disagree with the contrary conclusion reached by another panel of this court in *State v. Gully*, 1 CA–CR 15–0202, slip op. at *9–11, ¶¶ 23–29 (Ariz. App. Oct. 4, 2016) (majority opinion).

utes. *State v. Decker*, 239 Ariz. 29, 32, ¶ 14, 365 P.3d 954 (App. 2016); *State v. Inzunza*, 234 Ariz. 78, 85, ¶ 23, 316 P.3d 1266 (App. 2014).

¶ 12 A defendant is considered a category three repetitive offender if he or she "stands convicted of a felony and has two or more historical prior felony convictions." A.R.S. § 13–703(C). When an offense is committed outside Arizona (except for felony weapons possession offenses), we look to the law of the state where the offense was prosecuted to determine whether the offense qualifies as a historical prior felony conviction. *See* A.R.S. § 13–703(M) ("A person who has been convicted in any court outside the jurisdiction of this state of an offense that was punishable by that jurisdiction as a felony is subject to [repetitive offender enhancement]."); *see also* A.R.S. § 13–105(22)(e). Accordingly, we must determine whether, under Florida law, a no contest plea with adjudication withheld is a felony conviction.

¶ 13 Under Florida Statute § 948.01(2), if the court determines in certain circumstances that the defendant is unlikely to reoffend, "the court, in its discretion, may . . . withhold the adjudication of guilt" and place the defendant on probation. This method of imposing probation without an adjudication of guilt is designed to promote rehabilitation "without formally and judicially branding the individual as a convicted criminal and without the loss of civil rights and other damning consequences." *Peters v. State*, 984 So.2d 1227, 1231 (Fla. 2008) (quoting *Bernhardt v. State*, 288 So.2d 490, 495 (Fla. 1974)). Withholding adjudication and placing the defendant on probation does not assume that the party is innocent, however, but rather operates as a form of suspended sentence. *Id.* at 1231–32.

¶ 14 If adjudication is withheld, the offense is considered a conviction for some, but not all purposes. *See State v. Keirn*, 720 So.2d 1085, 1086–88 (Fla. Dist. Ct. App. 1998) (noting that conviction is a "chameleon-like" term with a definition that changes depending on context). For example, when the court withholds adjudication, a defendant need not list the withheld adjudication as a prior felo-

ny on employment applications. *See Proffitt v. Unemployment Appeals Comm'n*, 658 So.2d 185, 187 (Fla. Dist. Ct. App. 1995). And a withheld adjudication does not count as a conviction for purposes of establishing the defendant as a prohibited possessor of firearms. *See United States v. Clarke*, 184 So.3d 1107, 1115–16 (Fla. 2016).

¶ 15 The Florida Supreme Court has expressly held, however, that after a defendant pleads no contest and the court withholds adjudication, the withheld adjudication is considered a prior conviction for sentencing purposes. In *Montgomery v. State*, relying on Florida's sentencing statutes, which define a conviction as "a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld," the Florida court held that the defendant's previous no contest plea was a determination of guilt and thus a conviction for sentencing purposes. 897 So.2d 1282, 1285–86 (Fla. 2005) (quoting Fla. Stat. § 921.0021(2) (2002)).

¶ 16 Accordingly, because a Florida plea of no contest with adjudication withheld is a prior conviction for sentencing purposes, the superior court here did not err by finding that Ceasar's Florida felonies constituted historical prior felony convictions, and by imposing enhanced sentences for Ceasar's stalking and aggravated assault convictions.

## CONCLUSION

¶ 17 For the foregoing reasons, we reclassify Ceasar's disorderly conduct convictions as class 1 misdemeanors, vacate the sentences for the disorderly conduct convictions, and remand for resentencing. We affirm the convictions and sentences imposed for stalking and aggravated assault.