IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

STATE OF ARIZONA,
*Appellee,*

*v.*

DONALD WILLIAM GULLEY,
*Appellant.*

No. CR-16-0456-PR
Filed May 12, 2017

Appeal from the Superior Court in Yavapai County
The Honorable Tina R. Ainley, Judge
No. CR 201400855
**VACATED IN PART AND REMANDED**

Opinion of the Court of Appeals, Division One
240 Ariz. 580, 382 P.3d 795 (App. 2016)
**VACATED IN PART**

COUNSEL:

Sheila Sullivan Polk, Yavapai County Attorney, Dennis M. McGrane (argued), Chief Deputy County Attorney, Prescott, Attorneys for State of Arizona

Lourdes Todd, Yavapai County Public Defender, Grace M. Guisewite (argued), Michelle L. DeWaelsche (argued), Deputy Public Defenders, Prescott, Attorneys for Donald William Gulley

PER CURIAM:

¶1            We granted review in this case to consider whether A.R.S. § 13–707(B) requires a repeat class 1 misdemeanor conviction to be both classified and sentenced as a class 6 felony. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12–120.24.

¶2            Here, Gulley pleaded guilty in 2012 to one count of disorderly conduct in violation of A.R.S. § 13–2904(A), a class 1 misdemeanor. *See* A.R.S. § 13–2904(B). Then, in 2013, a jury convicted Gulley of two counts of disorderly conduct, also class 1 misdemeanors in violation of § 13–2904(A)(1). At sentencing, the trial court classified each 2013 count as a "class 6 felony" pursuant to § 13–707(B). Under § 13–707(B), a person "shall be sentenced for the next higher class of offense than that for which the person currently is convicted" if the person "stands convicted of any misdemeanor" and "has been convicted of one or more of the same misdemeanors . . . within two years next preceding the date of the present offense[.]" Because Gulley was convicted of the same class 1 misdemeanor in both 2012 and 2013, the trial court classified the 2013 convictions as class 6 felonies and imposed two concurrent and enhanced 3.75-year prison terms.

¶3            On appeal, Gulley argues that the trial court committed fundamental error when it designated his 2013 disorderly conduct convictions as class 6 felonies and sentenced him as a category three repetitive felony offender. According to Gulley, § 13–707(B) only pertains to the sentence imposed because the phrase "stands convicted of [a] misdemeanor" requires that the current conviction be classified as a

misdemeanor in order for § 13–707(B) to apply. In response, the State counters that if a felony sentence is imposed pursuant to § 13–707(B), then a defendant's current class 1 misdemeanor conviction must be (re)classified as a felony conviction because an offense is classified under Arizona law according to the type of sentence imposed.

¶4        After considering the briefs and oral arguments, the Court vacates paragraphs 23–29 of the court of appeals' opinion. *See State v. Gulley*, 240 Ariz. 580, 586–87 ¶¶ 23–29, 382 P.3d 795, 801–02 (App. 2016). Instead, we approve of the interpretation of § 13–707(B) as set forth in paragraphs 4–10 of *State v. Ceasar*, 241 Ariz. 66, 383 P.3d 1140 (App. 2016). As *Ceasar* explains, Section 13–707(B) only concerns the imposition of sentencing enhancements for repeat misdemeanor convictions. The phrase "stands convicted of any misdemeanor" dictates that the current conviction must be classified as a class 1 misdemeanor in order for the trial court to impose a class 6 felony sentence. Thus, the trial court committed fundamental error when it (re)classified Gulley's 2013 disorderly conduct convictions as class 6 felonies and sentenced him as a category three repetitive felony offender. *See State v. Smith*, 219 Ariz. 132, 136 ¶¶ 21–22, 194 P.3d 399, 403 (2008) (finding fundamental error when trial court improperly used a conviction to enhance a prison sentence).

¶5        Accordingly, as requested by the Attorney General and Gulley before the court of appeals, we modify Gulley's disorderly conduct convictions and designate them as class 1 misdemeanors.  We vacate Gulley's sentence and remand to the trial court for resentencing within the range for first-time class 6 felonies.