NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellant,*

*v.*

JERRY ROBERT HAYES, II, *Appellee.*

No. 1 CA-CR 16-0463
FILED 7-18-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-110370-001 DT
The Honorable Laura J. Giaquinto, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellee*

Law Office of Richard D. Coffinger, Glendale
By Richard D. Coffinger
*Counsel for Victim Koppy's Towing*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Patricia K. Norris[1] joined.

---

**W I N T H R O P**, Presiding Judge:

¶1            Koppy's Motors, Inc. d/b/a Koppy's Body Shop and Towing ("Koppy's") argues through an appeal by the State of Arizona that the superior court erred in denying Koppy's request for an additional $24,000 in restitution.  Finding no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**[2]

¶2            In September 2014, Jerry Robert Hayes drove his vehicle into a Koppy's tow truck loading a disabled vehicle on the shoulder of the road. The Maricopa County Attorney's Office ("MCAO") charged Hayes with endangerment, two counts of DUI, and one count of extreme DUI.  Hayes entered a plea agreement, pleading guilty to endangerment, a class six felony, and DUI, a class one misdemeanor, in exchange for dismissal of the other counts and an allegation of dangerousness.  As part of the agreement, Hayes agreed to pay restitution of economic loss to all victims[3] and was placed on concurrent terms of three years' supervised probation, including four months (flat time) in jail.

¶3            Koppy's sought restitution as a crime victim, and the MCAO requested a restitution hearing.  Through private counsel, Koppy's

---

[1]      The Honorable Patricia K. Norris, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2]      We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against the appellant.  *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

[3]      The plea agreement also addressed insurance:  "The defendant [Hayes] shall pay restitution for all economic loss to all victims . . . and/or their insurance companies . . . ."

submitted a "Crime Victim's Statement," requesting restitution in the amount of $59,381.50—an amount not reduced by the $24,000 Koppy's had already received from its insurer, North America Risk Services, Inc. ("NARS"), for insured property damage. Koppy's argued that Hayes should not receive a credit against the restitution award for money received from NARS. Hayes agreed to stipulate he owed $35,381.50—the amount of restitution sought minus the $24,000 Koppy's had received from NARS.[4]

¶4 At the conclusion of the restitution hearing, the superior court ordered Hayes to pay the stipulated restitution amount of $35,381.50, and took the matter of the disputed $24,000 under advisement. The court later denied Koppy's request for the additional $24,000. At Koppy's request, the MCAO (on behalf of the State) filed a timely notice of appeal.

¶5 The MCAO did not file briefs in this case,[5] however, and Koppy's filed a purported stipulation for substitution of private counsel in place of counsel for the MCAO. Recognizing the attempted substitution of counsel was not permissible, *see Lindsay R. v. Cohen*, 236 Ariz. 565, 567, ¶ 8, 343 P.3d 435, 437 (App. 2015), this court's Department M issued an order on December 19, 2016, striking the purported stipulation for substitution of counsel but allowing Koppy's to file briefs through private counsel.[6]

¶6 We have jurisdiction over the MCAO's timely appeal. *See* Ariz. Const. art. 6, § 9; Ariz. Rev. Stat. ("A.R.S.") §§ 12–120.21(A)(1) (2016), 13–4031 (2010), 13–4032(4) (2010).

## ANALYSIS

¶7 Koppy's argues the superior court erred by reducing the amount of restitution due Koppy's based on the insurance payment Koppy's received from a collateral source (its insurance company, NARS).

---

[4] The MCAO also filed a memorandum of law regarding restitution.

[5] After this court scheduled an order to show cause hearing, the MCAO advised the court of its intent not to file an opening brief.

[6] Hayes neither objected to the December 19 order nor moved for reconsideration; accordingly, he has waived any challenge to the order, which renders moot his arguments challenging the propriety of Koppy's briefing.

¶8            In general, we review restitution orders for an abuse of discretion. *State v. Lewis*, 222 Ariz. 321, 323, ¶ 5, 214 P.3d 409, 411 (App. 2009). However, we review *de novo* questions of statutory interpretation. *Id.* at 324 n.2, ¶ 5, 214 P.3d at 412 n.2; *State v. Ceasar*, 241 Ariz. 66, 69, ¶ 11, 383 P.3d 1140, 1143 (App. 2016).

¶9            A person convicted of a criminal offense is required to pay restitution to a victim of the crime "in the full amount of the economic loss as determined by the court." A.R.S. § 13-603(C) (2010); *see also* A.R.S. § 13-804(A) (Supp. 2016)[7] (providing the superior court has discretion to "order that all or any portion of the fine imposed be allocated as restitution to be paid by the defendant to any person who suffered an economic loss caused by the defendant's conduct"). In ordering restitution for economic loss, "the court shall consider all losses caused by the criminal offense or offenses for which the defendant has been convicted." A.R.S. § 13-804(B).

¶10          A loss is recoverable as restitution if it meets three requirements: (1) the loss must be economic, (2) the loss must be one that the victim would not have incurred but for the criminal conduct, and (3) the criminal conduct must directly cause the economic loss. *State v. Wilkinson*, 202 Ariz. 27, 29, ¶ 7, 39 P.3d 1131, 1133 (2002).

¶11          A "loss," for purposes of restitution, is the something out of pocket actually suffered by the victim, and "if a victim receives compensation from a collateral source to recover economic loss caused by criminal conduct, the court must reduce the victim's recovery by that amount." *Town of Gilbert Prosecutor's Office v. Downie ex rel. County of Maricopa (Matykiewicz)*, 218 Ariz. 466, 469, ¶ 11, 189 P.3d 393, 396 (2008) (citing A.R.S. § 13-804(E)). This requirement of reducing a victim's recovery for sums already received reflects the legislature's intent that a victim's loss reflect benefits already conferred. *Id.*

¶12          In this case, Koppy's requested $59,381.50, based upon a calculation of the gross cost to repair its tow truck ($30,219.41), plus its estimate of the gross lost profits from inability to use the tow truck ($46,900), minus a payment received from Hayes' insurance company ($5,000), unpaid sales tax ($1,012.91), and recouped profits from a replacement tow truck ($11,725). Koppy's did not include within its

---

[7]      Section 13-804's most recent amendments became effective September 13, 2013. *See* 2013 Ariz. Sess. Laws, ch. 19, § 1 (1st Reg. Sess.). Because no amendments material to our analysis have since occurred, we cite the current version of the statute.

calculation the $24,000 received from its own insurance claim. However, Koppy's can no longer be considered "out" that amount given its receipt of the insurance proceeds, and the total amount of restitution sought must therefore be reduced by that sum. Hayes agreed to pay the amount of Koppy's actual out-of-pocket loss and is entitled to consideration of the money Koppy's received from NARS as reducing Koppy's actual amount of loss. *See id.* Thus, Hayes should be credited the $24,000 and only required to pay the balance of Koppy's out-of-pocket loss, or $35,381.50.

**¶13** Moreover, awarding Koppy's an additional $24,000 would create a windfall for Koppy's; its overall financial circumstance would have been improved solely by virtue of the accident beyond where it was immediately before the accident. However, the purpose of restitution is not to punish, but to make the victim whole, and restitution should not create a windfall for the victim. *State v. Iniguez*, 169 Ariz. 533, 537, 821 P.2d 194, 198 (App. 1991) ("[T[he statutory scheme contains no hint that the Legislature intended to go beyond full compensation and confer a windfall."); *see also* A.R.S. § 13-804(E) ("If a victim has received reimbursement for the victim's economic loss from an insurance company, . . . the court shall order the defendant to pay the restitution to that entity.").[8] To award Koppy's an additional $24,000 would create a windfall and allow Koppy's to benefit from the crime, a result not supported by the statutory scheme and the purposes of restitution.[9] Further, doing so would leave Koppy's insurance company, NARS, without restitution, which would mean that under A.R.S. § 13-804(E), Hayes would still be responsible for paying NARS $24,000. The statutory restitution scheme requires a defendant to pay the "full economic loss," not double the full economic loss.

---

[8] NARS did not file a restitution claim or appear below as a "victim," and no party on appeal has argued that the superior court's order is reversible because it didn't require Hayes to reimburse NARS rather than Koppy's.

[9] Of course, the restitution order would not preclude the bringing of a separate civil action if such was determined to remain viable. *See Matykiewicz*, 218 Ariz. at 472, ¶ 28, 189 P.3d at 399; A.R.S. § 13-807 (Supp. 2016).

**CONCLUSION**

¶14        The superior court's restitution order is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA