NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent,*

*v.*

MICHAEL DAVID SANDERS, JR., *Petitioner.*

No. 1 CA-CR 16-0796 PRPC
FILED 3-22-2018

---

Petition for Review from the Superior Court in Maricopa County
No. CR2008-030926-001
The Honorable J. Justin McGuire, Judge *Pro Tempore*

## REVIEW GRANTED AND RELIEF DENIED

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Daniel Strange
*Counsel for Respondent*

Michael David Sanders, Jr., Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge Kent E. Cattani joined.

---

**H O W E**, Judge:

¶1             Michael David Sanders, Jr. petitions this Court for review from the dismissal of his petition for post-conviction relief of-right ("PCR"). For the reasons stated, we grant review but deny relief.

¶2             In August 2009, Sanders pled guilty to four counts of attempted child molestation, class 3 felonies and dangerous crimes against children. The parties stipulated to a seven-year prison term on count one, followed by lifetime probation on the remaining counts. The trial court sentenced Sanders pursuant to the stipulated terms and awarded Sanders 545 days' presentence incarceration credit.

¶3             Sanders was released from prison in March 2014. Shortly thereafter, his probation officer petitioned to revoke probation. Sanders admitted that he had violated his probation. The trial court accepted Sanders's admission, suspended the imposition of sentence, and continued Sanders on probation.

¶4             Approximately four months later, his probation officer again petitioned to revoke probation. At the probation violation hearing, Sanders admitted that he had violated his probation. At the disposition hearing, the trial court revoked probation on count two and sentenced Sanders to the presumptive ten-year imprisonment term and awarded Sanders 139 days' presentence incarceration credit. The court reinstated Sanders's probation for counts three and four.

¶5             Sanders timely commenced PCR proceedings. An Arizona Rule of Criminal Procedure 32 counsel was appointed, but after reviewing the record counsel found no claims for relief. Sanders then filed a pro se petition and claimed that: (1) the court erred when it failed to award him an additional 545 days of presentence incarceration credit for count two for the time that he spent in custody before sentencing in 2009, (2) his trial counsel and his Rule 32 counsel were ineffective for failing to object to or raise the presentence credit error, (3) the court lacked jurisdiction to

proceed with the probation violation and disposition hearings because the Attorney General had not been notified of the proceedings as A.R.S. § 13–121 requires, and (4) his prison sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

**¶6**　　The State responded that Sanders had already received credit for the 545 days he spent in custody against his seven-year prison sentence for count one. Because his second, ten-year sentence was a consecutive sentence, Sanders was not entitled to double credit. Consequently, the State argued that neither Sanders's trial counsel nor his Rule 32 counsel had been ineffective for failing to object.

**¶7**　　Regarding the remaining claims, the State noted that the trial court had jurisdiction to proceed with the probation violation and disposition hearings under *State v. Ray*, 209 Ariz. 429 (App. 2004). Finally, relying on *State v. Brown*, 209 Ariz. 200 (2004), the State pointed out that Sanders had received a presumptive sentence, and thus no violation of *Apprendi* had occurred. Finding no colorable claim, the trial court dismissed the petition. Sanders moved for reconsideration, which the trial court denied. This timely petition for review followed.

**¶8**　　Absent an abuse of discretion or error of law, we will not disturb a trial court's ruling on a PCR. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Sanders's burden on review is to demonstrate that the trial court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011). Sanders has not met that burden.

**¶9**　　Sanders received 545 days' presentence incarceration credit for his seven-year prison sentence and was not entitled to any further credit. *See State v. Cruz-Mata*, 138 Ariz. 370, 375 (1983) (purpose of presentence incarceration credit is to reduce the number of days served in prison by an inmate by the number of days the inmate spent in presentence custody); *see also State v. Cuen*, 158 Ariz. 86, 88 (App. 1988) (sentencing court may not give double credit for presentence time served when consecutive sentences are imposed). Because the trial court did not err by declining to apply the presentence credit to Sanders's ten-year prison sentence for count two, counsel was not ineffective for failing to object.[1]

---

[1]　　Sanders's ineffective assistance claim against his Rule 32 counsel is not a cognizable claim in this proceeding. Any ineffective assistance claims against his Rule 32 counsel must be brought in a new PCR filed within 30

¶10  Sanders's claim that the trial court lacked jurisdiction to proceed with the probation violation and disposition hearings because the Attorney General had not been notified of the proceedings under A.R.S. § 13–121 is without merit. This claim has already been rejected by the court in *Ray*. *Ray* held that A.R.S. § 13–121 does not apply to probation revocation proceedings. 209 Ariz. at 431 ¶ 5. The court held that the more specific statute, A.R.S. § 13–901(C), controls and "grants the trial court jurisdiction over probation revocation proceedings and § 13–121 does not apply." *Id.*

¶11  Sanders's *Apprendi* claim is also without merit. *Apprendi* requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In light of the holding in *Apprendi*, our supreme court has held that the prescribed statutory maximum sentence for *Apprendi* analysis is the presumptive term. *Brown*, 209 Ariz. at 202–03 ¶¶ 11–12. Here, Sanders received the presumptive term. Sanders's argument appears to be based on his misunderstanding of our criminal code. His sentence was not enhanced or aggravated based on dangerousness. A dangerous crime against children is merely a classification of certain criminal offenses subject to more severe penalties. A.R.S. § 13–604.01 (now A.R.S. § 13–705).

¶12  Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

days of the issuance of the mandate in this case. Ariz. R. Crim. P. 32.4(a); *see also State v. Pruett*, 185 Ariz. 128, 131 (App. 1995).