SUPREME COURT OF ARIZONA

| | |
|---|---|
| STATE OF ARIZONA, | ) Arizona Supreme Court |
| | ) No. CR-20-0132-PR |
| Appellant, | ) |
| | ) Court of Appeals |
| v. | ) Division One |
| | ) No. 1 CA-CR 18-0697 |
| JAMES M. ROCCO, | ) |
| | ) Maricopa County |
| Appellee. | ) Superior Court |
| | ) No. CR2005-127149-001 |
| _____ | ) **FILED 04/14/2021** |

**DECISION ORDER**

The Court has reviewed the petition for review and the State's response.[1]  The Court of Appeals held that the superior court lacked jurisdiction to strike the GPS monitoring term from Defendant Rocco's probation, reasoning this claim could only have been raised in post-conviction relief proceedings, and Defendant failed to timely file a notice of post-conviction relief.  *See State v. Rocco*, No. CA-CR 18-0697, 2020 WL 1274506, at *3 ¶¶ 17-21 (Ariz. App. Mar. 17, 2020) (mem. decision).  Both parties assert that this holding is incorrect. We agree.

Trial courts retain jurisdiction over the terms of probation and may modify, add, or revoke conditions.  *See State v. Ray*, 209 Ariz. 429, 431 ¶ 5 (App. 2004); A.R.S. §§ 13-901(C) and -603(B); Ariz. R. Crim. P. 27.3(b)(2).  Thus, a court possesses jurisdiction to strike

_____

[1]Justice Montgomery did not participate in the determination of this matter.

an illegal probation term during a probation revocation proceeding. For the foregoing reasons,

**IT IS ORDERED** the Petition for Review is granted.

**IT IS FURTHER ORDERED** vacating the Court of Appeals' Memorandum Decision and remanding the matter to that court with instructions to determine whether applying A.R.S. § 13-902(G) to Defendant violates ex post facto prohibitions.

DATED this 14th day of April, 2021.

_____/s/_____
ROBERT BRUTINEL
Chief Justice

TO:
Linley Wilson
Lisa Marie Martin
Robert A Walsh
Mikel Steinfeld
Amy M Wood